[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15889
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-01602-TBM


FORTRAN GROUP INTERNATIONAL, INC.,

Plaintiff-Appellant,

versus

TENET HOSPITALS LIMITED, et al.,

Defendants-Cross Claimants,

RICOH AMERICAS CORPORATION,
d.b.a. Ricoh USA,

Defendant-Cross Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 1, 2013)

Before HULL, WILSON, and KRAVITCH, Circuit Judges.

PER CURIAM:

After a bench trial in this civil diversity case, Plaintiff-Appellant Fortran Group International, Inc. ("Fortran") appeals the district court's entry of final judgment in favor of Defendant-Appellee Ricoh Americas Corp. ("Ricoh") on Fortran's state law claims for breach of contract and tortious interference in Fortran's business relationship. After reviewing the record and briefs, we find no reversible error in the district court's entry of final judgment in favor of Defendant-Appellee Ricoh.

## I.    BACKGROUND

This case involves lease agreements for copier equipment. Plaintiff Fortran provides third-party leasing and financing of equipment, including photocopiers and other business assets. Defendant Ricoh manufactures and sells copiers and copier equipment.

Tenet Hospitals Limited ("Tenet"), who is not a party to this appeal, decided to obtain new photocopier equipment (the "Copiers"). Tenet chose Defendant Ricoh to supply the Copiers. Because Tenet had poor credit, Ricoh searched for a leasing company to fund the transaction with Tenet. Ultimately, Ricoh brought Plaintiff Fortran into the discussions concerning Tenet's lease of the Copiers. As part of those discussions, Defendant Ricoh and Plaintiff Fortran entered into an agreement, wherein Ricoh agreed not to circumvent Fortran with respect to "this opportunity" (the "Non-Circumvention Agreement").

2

Ultimately, Plaintiff Fortran purchased the Copiers directly from Defendant Ricoh, and Tenet then leased the Copiers from Fortran (the "Lease"). The initial Lease term was five years. The Lease provided Fortran with a right of first refusal on any lease renewal.

Prior to the Lease's expiration, Tenet entered into a Settlement Agreement with Fortran to buyout and terminate Tenet's Lease. Thus, Tenet's Lease with Fortran was settled between Tenet and Fortran. There is no dispute here about that Lease. The dispute here is over Tenet's future leasing of copiers.

After entering into the Settlement Agreement with Fortran, Tenet entered into a new lease directly with Ricoh, the copier manufacturer.

Because Defendant Ricoh actively pursued Tenet's copier equipment needs before Plaintiff Fortran's Lease with Tenet actually expired, Fortran sued Ricoh for (1) breach of the Non-Circumvention Agreement and (2) tortious interference in the business relationship between Fortran and Tenet.

After the district court denied the parties cross-motions for summary judgment, the parties stipulated to a nonjury trial before a magistrate judge. Following a four-day trial, and after considering the parties' post-trial memoranda,

the district court[1] found in Defendant Ricoh's favor on both of Plaintiff Fortran's claims.[2]  In a thorough and well-reasoned order, the district court extensively outlined its factual findings, its basis for crediting and discrediting certain evidence and testimony, and how its factual findings supported its ultimate conclusions.

With regards to Plaintiff Fortran's breach of contract claim against Defendant Ricoh relating to the Non-Circumvention Agreement, the district court found that those parties had limited that agreement to "this opportunity," and, thus, the Non-Circumvention Agreement applied only to the initial Lease agreement between Fortran and Tenet.  The court found that the Non-Circumvention Agreement did not apply to future opportunities to lease Copiers to Tenet. Consequently, the district court found that Fortran did not breach the Non-Circumvention Agreement when it pursued future business opportunities with Tenet.  The district court also stated that, even if Defendant Ricoh had breached the Non-Circumvention Agreement, Plaintiff Fortran failed to show damages beyond a speculative level.

With regards to Plaintiff Fortran's tortious interference claim against Defendant Ricoh, the district court found, inter alia, that (1) Defendant Ricoh did

[1]While the magistrate judge actually made the rulings, the magistrate judge, by consent, was acting as the district court, and, thus, we do not distinguish between them.

[2]The district court also made findings of fact and conclusions of law regarding an unrelated claim by Plaintiff Fortran against Tenet about which Fortran does not appeal.

not interfere with Fortran's right of first refusal and (2) Defendant Ricoh's obvious, and admitted, efforts to compete for Tenet's future copier-leasing business was not the legal cause of Tenet's decision not to enter a new lease of the Copiers from Fortran. The district court found that Tenet declined to do <u>future</u> business with Fortran because (1) Tenet grew "tired" of Fortran's "constant inquiries" and (2) Tenet found Fortran's proposals for future business unacceptable. Consequently, the district court found that Fortran did not prove all elements necessary to its tortious interference claim.

After losing in this bench trial, Plaintiff Fortran appeals the district court's final judgment entered in favor of Defendant Ricoh.

## II.    DISCUSSION

On appeal, Fortran raised these four claims:

1. Whether the district court erred in finding that Ricoh did not tortuously interfere with Fortran's right of first refusal.

2. Whether the district court erred in finding that Fortran waived its claim for tortious interference.

3. Whether Fortran proved its damages.

4. Whether the district court's order and final judgment is inconsistent with the court's prior summary judgment ruling.[3]

---

[3]We review the district courts findings of fact under a clearly erroneous standard. <u>Osmose, Inc. v. Viance, LLC</u>, 612 F.3d 1298, 1307 (11th Cir. 2010). A finding of fact is clearly

5

Fortran's first three claims on appeal lack merit for the reasons stated in the district court's thorough and well-reasoned order outlining its findings of fact and conclusions of law. The district court provided factual bases for all of its findings and conclusions. After reviewing the record and the parties' briefs, we cannot say that any of the court's factual findings were clearly erroneous. To the contrary, the evidence amply supports them. Moreover, Fortran has not shown any reversible error in the district court's legal conclusions based on its factual findings.

Fortran's fourth claim on appeal lacks merit because the district court had the power to reconsider, revise, alter, or amend its summary judgment order prior to entering the final judgment. See Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1231 (11th Cir. 2010) ("It is permissible for a district court to rescind its own interlocutory order."); Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995) (stating that a district court may reconsider and amend interlocutory orders at any time before final judgment). As noted above, the district court's factual findings were not clearly erroneous, and the court reached proper legal conclusions based on its findings. Therefore, even assuming (without deciding) that the district court's

---

erroneous only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted). We review de novo the district court's conclusions of law. Id.

6

summary judgment order was inconsistent with its final judgment, we conclude that Fortran has not shown reversible error due to that fact.

For all the above reasons, we affirm the district court's final judgment in favor of Defendant Ricoh on the claims of Plaintiff Fortran.

**AFFIRMED**.